UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20756-CIV-ALTONAGA/O'Sullivan

**JORGE E. ESPINOZA**, *et al.*,

    Plaintiffs,
vs.

**COUNTRYWIDE HOME LOANS SERVICING, L.P.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, Bank of America, N.A. ("BOA"), Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association's (collectively, "Defendants[']") Motion to Dismiss Second Amended Complaint and Strike Irrelevant/Inflammatory Allegations . . . [ECF No. 57], filed June 19, 2014. Plaintiffs, Jorge E. Espinoza and Silvia Espinoza (collectively, "Plaintiffs"), filed their Response . . . ("Response") [ECF No. 70] on July 7, 2014. Defendants filed their Reply . . . ("Reply") [ECF No. 75] on July 17, 2014. The parties presented oral argument on the Motion at a hearing [ECF No. 77] on July 25, 2014. The Court has carefully considered the parties' written submissions, oral arguments, and applicable law.

### I. BACKGROUND

**A.   Procedural Background**

In January 2014, Plaintiffs filed a Complaint ("Complaint") (*see* [ECF No. 1]), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On February 28, 2014, Defendants removed the action to this Court (*see id.*) and thereafter filed an

answer, affirmative defenses, and BOA's verified counterclaim (*see* [ECF No. 8]). Plaintiffs filed a First Amended Complaint [ECF No. 38], and BOA filed a Verified Amended Counterclaim [ECF No. 39]; thereafter, Defendants filed a Motion to Dismiss . . . ("First Motion to Dismiss") [ECF No. 44], which was denied as moot (*see* [ECF No. 51]). Plaintiffs filed a Second Amended Complaint ("SAC") [ECF No. 56] on June 10, 2014.

### B. Factual Summary[1]

This matter arises out of a note ("Note") and mortgage ("Mortgage") on property in Miami-Dade County. (*See* SAC ¶ 4). Plaintiffs executed the Note and Mortgage on August 2, 2005, agreeing to repay the debt in monthly installments by September 1, 2035. (*See id.* ¶¶ 52–53). The Mortgage was subsequently assigned to Countrywide Home Mortgages, LLC ("Countrywide"). (*See id.* ¶¶ 7, 54).[2] Plaintiffs defaulted on payments of the Note and Mortgage on August 1, 2008. (*See id.* ¶ 56). Pursuant to an acceleration clause in the Note (*see id.* ¶ 57), Countrywide accelerated the Note by sending a letter to Plaintiffs stating if the default was not cured by October 16, 2008, all remaining payments of the Mortgage would be accelerated (*see id.* ¶ 60).

Plaintiffs did not cure the deficiency by the deadline, triggering Countrywide's "election to accelerate on that date." (*Id.* ¶ 61). Countrywide filed a foreclosure complaint on March 26, 2009, which was later dismissed without prejudice. (*See id.* ¶ 63 (citing *id.*, Ex. E)). The Note and Mortgage do not "provide[] the holder/mortgagee any right to reinstate or 'decelerate' the Note and Mortgage once it has elected to accelerate the installment payments into a lump sum immediately due." (*Id.* ¶ 58 (alteration added)). Thus, Plaintiffs allege the dismissal of

---

[1] The allegations of the SAC are taken as true.

[2] Plaintiffs name "Countrywide Home Loans Servicing, L.P., n/k/a BAC Home Loans Servicing, L.P." as a defendant (SAC 1), but Defendants assert the correct name of the entity is "BAC Home Loans Servicing, fka Countrywide Home Loans Servicing, LP" and BOA is its successor by merger (Mot. 1).

the suit had no effect on the previous election to accelerate the Note and Mortgage. (*See id.* ¶ 64).

Countrywide and its successors and assignees did not reinitiate a foreclosure action within a five-year period following October 16, 2008 (*see id.* ¶¶ 66–67), and afterward Defendants "continued to seek payments and report Plaintiffs to credit agencies after October 16, 2013, even though the Note and Mortgage are no longer enforceable due to the expiration of the limitations period." (*Id.* ¶ 68). "The Note and Mortgage remain unsatisfied of record and constitute an invalid cloud on Plaintiffs' title to the subject property." (*Id.* ¶ 69). "Plaintiffs have remained in default since August 1, 2008[,] and have not reinstated the Note and/or Mortgage or cured the default to otherwise make the Note and/or Mortgage current." (*Id.* ¶ 124 (alteration added)).

The SAC contains seven counts: Count I, seeking a declaratory judgment the Note is unenforceable due to the expiration of the limitations period; Count II, a claim for injunctive relief to prevent attempts to collect on the Note; Count III, seeking a declaratory judgment the Mortgage cannot be foreclosed on due to the expiration of the limitations period; Count IV, a claim for injunctive relief to prevent attempts to collect on or reinstate the Mortgage; Count V, seeking to quiet title to the subject property; Count VI, seeking a declaratory judgment defaulted payments more than five years old cannot be collected and Defendants' collection and reporting practices are improper; and Count VII, a claim for injunctive relief to prevent Defendants from continuing to report or trying to collect defaulted payments more than five years old. (*See generally* SAC). Plaintiffs also seek class action status in the SAC. (*See id.* ¶¶ 33–50).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## III. ANALYSIS

Defendants seek dismissal of all seven counts of the SAC. (*See generally* Mot.). They argue a mortgagee is not barred from filing a new foreclosure action based on a mortgagor's different default, even if it brought and dismissed a foreclosure action on an earlier default. (*See id.* 2). They challenge the quiet title action on the ground Plaintiffs do not allege an invalid cloud on their title and Defendants' mortgage lien is valid. (*See id.* 3). They assert

4

Counts VI and VII do not allege any facts in support of the claims. (*See id.*) And they argue Counts II and IV for injunctive relief fail because Plaintiffs do not allege the four prerequisites for the grant of an injunction. (*See id.*).

### A. Declaratory Relief on Note and Mortgage — Counts I and III

In Counts I and III, Plaintiffs seek a declaration the Note and Mortgage are unenforceable. (*See* SAC ¶¶ 71–82, 93–100). Defendants assert the Note and Mortgage remain enforceable because the Note and Mortgage are valid and each of Plaintiffs' subsequent defaults has a five-year limitations period. (*See* Mot. 5–10).

Florida law establishes a five-year statute of limitations for actions on a contract, obligation, or liability founded on a written instrument or to foreclose a mortgage. *See* FLA. STAT. § 95.11(2)(b–c). "The limitations period provided in section 95.11(2)(c) does not affect the life of the lien or extinguish the debt; it merely precludes an action to collect the debt after five years." *Houck Corp. v. New River, Ltd., Pasco*, 900 So. 2d 601, 603 (Fla. 2d DCA 2005). "[T]he duration of the lien created by such mortgage is governed by section 95.281, Florida Statutes . . . , a statute of repose." *Id.* at 604 (alterations added) (quoting *USX Corp. v. Schilbe*, 535 So. 2d 719, 719 (Fla. 2d DCA 1989)). Under Florida Statute section 95.281(1)(a), a mortgage lien terminates five years after the date of maturity of an obligation secured by a mortgage, if the final maturity date is "ascertainable from the record of it." *Id.* Here, Plaintiffs concede the date of maturity of the obligation is September 1, 2035 (*see* SAC ¶ 53), and thus the lien on the property still exists and has not been extinguished. *See Houck Corp.*, 900 So. 2d at 604.

Plaintiffs argue Defendants' failure to "follow through and timely file a foreclosure action within five years of acceleration of the debt" in October 2008 entitles them to cancel the

Note and Mortgage and remove the lien from the property's title. (Resp. 5). Other courts have confronted and rejected strikingly similar arguments. For instance, in *Dorta v. Wilmington Trust National Association*, No. 5:13-cv-185-Oc-10PRL, 2014 WL 1152917, at *2–4 (M.D. Fla. Mar. 24, 2014), the plaintiff claimed a note and mortgage were not enforceable because a default and acceleration occurred in 2007 and the five-year limitations period on the default expired before she brought her action to quiet title. The mortgagee had filed a foreclosure action after the default, which was dismissed without prejudice. *See id.* at *1. Relying on *Singleton v. Greymar Associates*, 882 So. 2d 1004 (Fla. 2004) (per curiam), the district court held the mortgagee "has not lost its right to enforce the Note and the Mortgage (and in turn neither document is invalid) simply because its first foreclosure action was dismissed." *Id.* at *6 (footnote call number omitted).

Pursuant to *Singleton*, when "a mortgagee initiates a foreclosure action and invokes its right of acceleration, if the mortgagee's foreclosure action is unsuccessful for whatever reason, the mortgagee still has the right to file later foreclosure actions — and to seek acceleration of the entire debt — so long as they are based on separate defaults." *Id.* "[A]n unsuccessful foreclosure action does not subsequently render a mortgage forever invalid and unenforceable." *Id.* (alteration added; citation omitted); *see also Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1271, 1274 (S.D. Fla. 2013) ("While any claims relating to individual payment defaults that are now more than five years old may be subject to the statute of limitations, each payment default that is less than five years old . . . created a basis for a subsequent foreclosure and/or acceleration action." (alteration added; citations omitted)).

Plaintiffs attempt to distinguish *Singleton* by noting the dismissal of the foreclosure action there was with prejudice, while the dismissal in the present matter was without prejudice.

6

(*See* Resp. 6–9). Although *Singleton* does note its decision is based on a "dismissal with prejudice," it does not limit its holding to dismissals with prejudice. *Singleton*, 882 So. 2d at 1005. The court in *Dorta* found the distinction irrelevant, *see Dorta*, 2014 WL 1152917, at *6 n.3, and Plaintiffs present no persuasive argument the manner of dismissal of a foreclosure suit should impact the enforceability of the underlying debt. (*See generally* Resp.). Plaintiffs argue "the parties have not been returned to their original contractual relationship prior to the default and acceleration" in part because "[t]here has been no adjudication that Plaintiffs did not default on the August 1, 2008[,] payment, or that Countrywide's exercise of its acceleration right was improper." (Resp. 7 (alterations added)). Yet there was no such adjudication in *Dorta*, and Plaintiffs' unconvincing response is *Dorta* did not "discuss[] the effect of adjudication against the mortgagees or dismissals with prejudice" and that "in *Dorta*, the erroneous ruling was based on an unopposed motion to dismiss." (*Id.* 8 n.1 (citation omitted)). The Court rejects these critiques and finds the *Dorta* opinion well-reasoned and consistent with Florida law.

Plaintiffs also assert the present case is distinguishable from decisions in similar cases because the letter setting the October 16, 2008, deadline to cure accelerated the loan, whereas other courts confronted accelerations caused by the filing of foreclosure lawsuits. (*See* Resp. 12). However, Plaintiffs cite no authority holding the mailing of such a letter alters the rule established by *Singleton*. (*See generally id.*). Nor does the Court discern why a mortgagee's decision to accelerate the loan by letter, file a foreclosure lawsuit, and then dismiss it without prejudice — as here — differs from a mortgagee's decision to accelerate the loan by filing a foreclosure lawsuit and then dismissing it without prejudice — as in *Dorta*. *See Dorta*, 2014 WL 1152917, at *5–6.

Plaintiffs rely on a number of Florida decisions they claim support their position the Mortgage and Note are unenforceable. While most of these are no longer good law,[3] one — *Spencer v. EMC Mortgage Corporation*, 97 So. 3d 257 (Fla. 3d DCA 2012) — requires analysis. Plaintiffs construe *Spencer*, which reversed a grant of summary judgment in favor of the mortgagee in a foreclosure action, *see id.* at 258, as "holding enforcement of the note and mortgage was barred by the five-year statute of limitations in Fla. Stat. [section] 95.11(2)(c)." (Resp. 2 (alteration added)). *Spencer* is unavailing for at least three reasons. First, Plaintiffs misinterpret the decision, which states "enforcement of the note and mortgage was *likely* barred by the five-year statute of limitations." *Spencer*, 97 So. 3d at 260 (emphasis added). Plaintiffs excise the word "likely" in their interpretation. (*See* Resp. 2; *see also id.* 5 ("The Third District held . . . the foreclosure action could not survive the limitations period . . ." (alterations added; citation omitted))).

Second, the *Spencer* decision was expressly based on a failure to prosecute by the plaintiffs. *See Spencer*, 97 So. 3d at 260 (noting, "*But for the dismissal for failure to prosecute*, Ms. Spencer would be entitled to a remand" concerning the statute of limitations issue (emphasis added; citation omitted)). Its statements about the statute of limitations are, therefore, merely dicta. Finally, the court in *Spencer* did not hold a mortgagee is forever barred from enforcing a debt based on an acceleration that occurred more than five years before filing the suit. Instead, it noted "the likelihood that *this action* is barred by the applicable statute of limitations," *id.* at

---

[3] Other cases cited by Plaintiffs were decided before *Singleton* (*see* Resp. 1–5), and as the Fifth District Court of Appeal of Florida noted, such cases — including three cases cited in the first full paragraph of page 4 of the Response — "pre-date *Singleton* and, therefore, are not controlling." *U.S. Bank Nat'l Ass'n v. Bartram*, No. 5D12-3823, 2014 WL 1632138, at *2–3 (Fla. 5th DCA Apr. 25, 2014) (per curiam). Some of these cases are cited in the concurring opinion in *Spencer*, 97 So. 3d at 261–62 (Schwartz, J., specially concurring), on which Plaintiffs rely (*see* Resp. 5), and for the same reason the concurrence fails to persuade.

261 n.4 (emphasis added), because that *particular* suit by the mortgagee was based on an acceleration occurring more than five years before the foreclosure suit had been filed, *id.* at 260–61.[4] Not even dicta in *Spencer* indicates the mortgage and note were extinguished merely because more than five years had passed from the date of acceleration. Nor does the decision indicate a mortgagee would be precluded from seeking foreclosure on subsequent defaults in a situation such as the present one.

*Spencer* thus does not support Plaintiffs' position. The Note and Mortgage remain enforceable, and the counts seeking a declaration they are unenforceable fail as a matter of law.

### B. Quiet Title — Count V

Plaintiffs seek to quiet title to the subject property on the ground there is an invalid cloud on the title of the property. (*See* SAC ¶ 114). As the Court has already determined in Part III.A, *supra*, however, the Note and Mortgage remain enforceable. As such, no invalid cloud exists, and Count V is dismissed. *See Dorta*, 2014 WL 1152917, at *7 (M.D. Fla. Mar. 24, 2014) ("'It has repeatedly been held that a cloud is not created by a mere assertion, whether oral or in writing.'" (quoting *Lane v. Guaranty Bank*, No. 6:13–cv–85–Orl–18DAB, 2013 WL 1296751, at *2 (M.D. Fla. Apr. 1, 2013))).

### C. Declaratory Relief on Older Payments — Count VI

Plaintiffs seek declaratory relief Defendants' collection efforts on payments more than five years old are invalid because they are barred by the statute of limitations and reporting these debts to credit agencies is improper. (*See* SAC ¶¶ 119–27). Defendants argue the Count lacks factual allegations; the statute of limitation argument should be presented as an affirmative defense, not as a ground for declaratory relief; and claims based on credit reporting are

---

[4] The foreclosure suit that was the subject of the summary judgment order had been filed in 2002. *See Spencer*, 97 So. 3d at 258.

preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681t(b). (*See* Mot. 15–16).

Defendants correctly note any allegations about credit reporting are preempted by the FCRA, which states:

> No requirement or prohibition may be imposed under the laws of any State . . . (1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except [for inapplicable exceptions] . . . .

15 U.S.C. § 1681t(b) (alterations added). To the extent Count VI concerns Defendants' "reporting of inaccurate credit information to [credit reporting agencies], an area regulated in great detail under [section] 1681s-2(a)–(b)," it is preempted. *Ross v. Fed. Deposit Ins. Corp.*, 625 F.3d 808, 813 (4th Cir. 2010) (alterations added).

The remaining allegations supporting this claim — that debts more than five years old are unenforceable — are insufficient to maintain an action seeking relief under the Florida Declaratory Judgment Act (the " Act"). The purpose of the Act is "to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." FLA. STAT. § 86.101. Under the Act, a

> court may render declaratory judgments on the existence, or nonexistence . . . [o]f any immunity, power, privilege, or right; or . . . [o]f any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power privilege, or right now exists or will arise in the future.

FLA. STAT. § 86.011 (alterations added). To pursue an action for declaratory relief, a plaintiff "must show that there is a bona fide, actual, present practical need for the declaration . . . ." *Santa Rosa Cnty. v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So. 2d 1190, 1192 (Fla. 1995) (per curiam) (citation omitted). In order to trigger jurisdiction under the Act, the moving party must show that he or she is in doubt as to the existence of some right or status and is

entitled to have that doubt removed. *See Kelner v. Woody*, 399 So. 2d 35, 37 (Fla. 3d DCA 1981) (per curiam).

The granting of relief is "discretionary in the trial courts" and is not the right of a litigant as a matter of course. *N. Shore Bank v. Town of Surfside*, 72 So. 2d 659, 661–62 (Fla. 1954) (citation omitted); *see also Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008) ("Florida's Declaratory Judgment Act also grants the court discretion over declaratory judgment actions." (citations omitted)). When another action between the parties deals with the same subject of the declaratory judgment action, dismissal is appropriate. *See Knights Armament Co.*, 568 F. Supp. 2d at 1374–75; *see also Berrios v. Deuk Spine*, 76 So. 3d 967, 970 (Fla. 5th DCA 2011) (per curiam) ("[A] viable declaratory claim must be asserted and exceptional circumstances must be shown for the prosecution of such a claim where there is a pending suit at the time the action is initiated, and the issues raised in the action can be resolved in the pending suit." (alteration added; citations omitted)). While Defendants' counterclaim in the present litigation has been stricken pending resolution of the Motion (*see* Order [ECF No. 69]), Defendants will be able to pursue their claim for repayment in a subsequent suit, and Plaintiffs will be able to raise the statute of limitations issue in that litigation. Exercising its discretion, the Court finds resolution of this issue more appropriate in an action seeking repayment of the debt, not in a standalone declaratory judgment action.

### D. Injunctive Relief — Counts II, IV, and VII

The equitable relief Plaintiffs seek in Counts II, IV, and VII is a remedy, not a separate cause of action. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-CV-61436, 2010 WL 1531489, at *10 (S.D. Fla. Apr. 16, 2010) (dismissing count pleading remedy of equitable lien for failure to state separate cause of action); *see also Alabama v. U.S. Army Corps of Eng'rs*,

424 F.3d 1117, 1127 (11th Cir. 2005) ("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action . . . . There is no such thing as a suit for a traditional injunction in the abstract." (alterations added; citation and internal quotation marks omitted)). These standalone counts for injunctive relief are improper, and accordingly, Counts II, IV, and VII are dismissed.

### E. Leave to Amend

Defendants seek a dismissal with prejudice. (*See* Mot. 3). "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (alterations, citation, and internal quotation marks omitted). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation omitted).

Here, as in *Dorta,* "there are no set of facts that could revive [Plaintiffs'] theor[ies] for relief, and therefore any further amendments of [the] complaint would be futile." *Dorta*, 2014 WL 1152917, at *7 (alterations added). Plaintiffs could add no facts to a complaint that would change the outcome compelled by the allegations in the SAC. Plaintiffs' theories have been asserted in numerous cases in Florida, and courts have uniformly rejected them. *See, e.g., id.*; *Kaan*, 981 F. Supp. 2d 1271. A more carefully drafted third amended complaint could not cure the defects that are plainly evident in the SAC, and therefore leave to amend will not be granted.

### IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion **[ECF No. 57]** is **GRANTED**. The SAC **[ECF No. 56]** is **DISMISSED**. The Clerk is directed to **CLOSE** the case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of August, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT COURT**

cc:   counsel of record